**FILED**

**September 7, 2017**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 7:29 AM**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KINGSPORT

| | |
|---|---|
| KATHLEEN DELORES LAGUARDIA,<br>       Employee, | )<br>)<br>)<br>)   **Docket Number: 2016-02-0380** |
| v. | )<br>)   **State File Number: 51640-2016** |
| TOTAL HOLDINGS USA, INC. d/b/a HUTCHINSON SEALING SYSTEMS,<br>       Employer, | )<br>)<br>)   **Judge Brian K. Addington** |
| and | )<br>) |
| INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA,<br>       Insurance Carrier. | )<br>)<br>) |

## COMPENSATION ORDER GRANTING EMPLOYER'S MOTION FOR SUMMARY JUDGMENT

This matter came before the undersigned Workers' Compensation Judge on August 30, 2017, on Total Holdings USA, Inc.'s Motion for Summary Judgment. The Court finds that Total Holdings' Motion is well-taken and for the reasons set forth below holds it is entitled to summary judgment.

### *Procedural History*

The following chronology details only the events pertinent to Total Holdings' Motion for Summary Judgment. On July 11, 2016, Ms. LaGuardia suffered a fall at work and injured her ankle. Total Holdings denied her claim. The Court conducted an Expedited Hearing and issued an Order denying benefits, finding that Ms. LaGuardia had not come forward with sufficient evidence from which it could determine that she was likely to prevail in a hearing on the merits. Specifically, the Court found that Ms.

LaGuardia did not prove an employment hazard caused her to slip and fall. Ms. LaGuardia did not appeal the Order and Total Holdings filed a Motion for Summary Judgment asserting that Ms. LaGuardia failed to prove that her injury "arose out of" her employment.

### Findings of the Court

Ms. LaGuardia alleged on July 11, 2016, she was standing at her work station when she "stepped from the mat to the concrete floor while moving parts in the course of my employment. When my right foot touched the concrete floor, my foot slipped and went airborne. My ankle turned and slammed on the concrete floor." As a result of the fall Ms. LaGuardia suffered a posterior and medial malleus fracture with syndemosis disruption that later required surgical intervention.

Rule of Civil Procedure 56.04 provides for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Aside from Rule 56, in 2011, the Tennessee General Assembly codified the burden of proof as follows:

> In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:
>
> (1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or
> (2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

Tenn. Code Ann. § 20-16-101 (2016); *Payne v. D and D Elec.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 21, at *7-8 (May 4, 2016).

The nonmoving party must "demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party." *Rye v. Women's Care Ctr. of Memphis, MPLLC,* 477 S.W.3d 235, 265 (Tenn. 2015).

Specifically, the burden falls to the nonmoving party to produce evidence to establish the essential elements of the nonmoving party's claim in response to the motion for summary judgment. "The focus is on the evidence the nonmoving party comes forward with *at the summary judgment stage,* not on hypothetical evidence that theoretically could be adduced . . . at a future trial." *Id.* at 265 (emphasis added). Therefore, in this case, Total Holdings' summary judgment motion requires Ms.

LaGuardia to submit evidence establishing the essential elements of her workers' compensation claim.

One of those elements is that Ms. LaGuardia demonstrate she satisfied the "arising out of" requirement and establish that her slip and fall was due to a condition of the employment that presented a peculiar or additional hazard to her. At the interlocutory stage, Ms. LaGuardia failed to satisfy that requirement. Here, Ms. LaGuardia remained unable to satisfy that essential element at the summary judgment stage.

In its Brief in Support of Employer's Motion for Summary Judgment, Total Holdings argued "Employee cannot prove that her injury "arose out of" employment, required by Tennessee Code Annotated section 50-6-102(14), and she cannot meet her burden of proof under 50-6-239(c)(6)." Total Holdings cited Ms. LaGuardia's statements during the insurance adjuster's telephone examination and deposition testimony and live testimony during her hearing regarding her inability to identify what caused her fall. Additionally, it stated as a material fact that "Employee does not know what caused her to fall on July 11, 2016." In its brief, Total Holdings cited *McClain v. Allied-Bendix, Inc.,* 1994 WL 901486, 3 (Tenn. Workers' Comp. Panel 1994), in which the court determined an employee failed to satisfy the element of "arising out of" requirement when "there was no condition of the employment that presented a peculiar or additional hazard to the [employee]."

Total Holdings did not dispute that Ms. LaGuardia's injury occurred "in the course of" employment. Instead, it contended that Ms. LaGuardia, "can only speculate as to what caused her fall" and for that reason she is unable to meet her burden of proving her injury arose from her employment. Thus, summary judgment should be granted in its favor.

In an effort to prove causation, Ms. LaGuardia presented evidence that her treating physician, Dr. Karen McRae, related her injury to a slip and fall at work. She also presented evidence of potential items in her workplace that caused her to slip. However, Dr. McRae's opinion is not dispositive in this case. The real question is not whether she slipped and fell but whether a work hazard caused Ms. LaGuardia to slip and fall. Ms. LaGuardia repeatedly explained and testified that she does not know what caused her to slip and fall. As such, Ms. LaGuardia can only speculate as to what made her slip, which is insufficient to prove that a hazard of her employment caused the fall and her subsequent injury. Thus, the Court holds that no genuine issue of material fact exists concerning whether Ms. LaGuardia's injury arose from her employment and Total Holdings is entitled to summary judgment.

For these reasons, the Court grants Total Holdings' Summary Judgment Motion. Ms. LaGuardia's case is dismissed with prejudice. Total Holdings shall pay the $150.00 filing fee under Tennessee Compilation Rules and Regulations 0800-02-21-.07 (2016),

3

for which execution may issue as necessary. Additionally, Total Holdings shall file an SD-1 within ten days of entry of this Judgment. Absent an appeal of this order, the order shall become final thirty days after issuance.

It is so **ORDERED.**

**ENTERED** this the 7th day of September, 2017.

**BRIAN K. ADDINGTON, JUDGE**
Court of Workers' Compensation Claims

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Order was sent to the following recipients by the following methods of service on this the 7th day of September, 2017.

| Name | Certified Mail | First Class Mail | Email | Service Sent to: |
|------|---------------|------------------|-------|------------------|
| Russell Adkins, Esq. Employee's Attorney | | | X | radkins@wilsonworley.com |
| Michael Forrester, Esq. Employer's Attorney | | | X | forrest@hsdlaw.com |

**PENNY SHRUM, COURT CLERK**
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

4